**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Karl W. LANDRY, Defendant–**
**Appellant.**

**No. 08–30467**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 2010.

Theodore Carter, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Virginia Laughlin Schlueter, Federal Public Defender, Federal Public Defender's Office, Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM: *

Karl W. Landry, federal prisoner # 28471–034, appeals the denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), in which he argued that his sentence should be reduced based on the amendment to the Guideline addressing crack cocaine. The district court summarily denied the motion without providing any reasons.

Landry argues that the district court was required as a matter of procedural due process and by 18 U.S.C. § 3553(c) to provide some explanation for denying the motion and, in particular, reasons why it had rejected such mitigating factors as Landry's accomplishments in prison.

In his motion for reduction of sentence, Landry listed the § 3553(a) factors that the district court should consider and pointed out how they applied to his circumstances. Landry also advised the district court of the drug treatment programs that he participated in and of his vocational advancements. Thus, the record reflects that the district court had those arguments before it when it made its determination, and this court can assume that the court considered the relevant § 3553(a) factors prior to denying Landry's motion for a

---

reduction. *See United States v. Evans,* 587 F.3d 667, 673–74 (5th Cir.2009). The district court's failure to provide an explanation for denying Landry's § 3582(c) motion to reduce did not constitute an abuse of discretion. *Id.*

The sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.